**WAYNE GREENWALD, P.C.**
**Attorneys for the Debtor,**
*S.L.G. Seaview Family Limited Partnership*
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re                                                                  Case No.: 15-

S.L.G. SEAVIEW
FAMILY LIMITED PARTNERSHIP                       Proceedings for
                                                                            Reorganization under
                                                                            Chapter 11
                                      Debtor,
-----------------------------------------------------------X

## DECLARATION UNDER LOCAL RULE 1007-3

Lauren Berger, declares:

1. I am the Debtor's managing partner and as such am fully familiar with the statements contained herein.

2. I submit this declaration in compliance with Rule 1007-3 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York:

**(I)  The nature of the debtor's business and a concise statement of the circumstances leading to the debtor's filing under chapter 11:**

The Debtor owns a luxury real property which it leases out to the short-term luxury home rental market.

The case is filed to address a pending foreclosure sale of the Debtor's real property, 49 Seaview Avenue, New Rochelle, NY 10801. Due to the recession which commenced in 2008, the Debtor fell behind on mortgage payments. The Debtor sees its business as recovering.

**(ii)  If the case originally was commenced under chapter 7 or chapter 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any**

**creditors' committee.**

Not Applicable

**(iii)    The names and addresses of the members of, and attorneys for, any committee organized prior to the order for relief in the chapter 11 case, and a brief description of the circumstances surrounding the formation of the committee and the date of its formation:**

Not Applicable.

**(4)    The following information with respect to each of the holders of the 20 largest unsecured claims, excluding insiders:  the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the telephone number, the name(s) of person(s) familiar with the debtor's account, the amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured;**

See annexed list of twenty largest creditors.

**(5)    The following information with respect to each of the holders of the five largest secured claims:  the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), the amount of the claim, a brief description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed:**

| Creditor | Claim Amount | Collateral | Value |
| --- | --- | --- | --- |
| Citi Mortgage<br>PO Box 183040<br>Columbus, OH | $1,250,000 | 49 Seaview Avenue,<br>New Rochelle, NY | $1,000,000.<br>(Estimate) |

**(6)    A summary of the debtor's assets and liabilities:**

    Assets:    Undetermined

    Liabilities:    Approximately $7,500,000.

**(7)    The number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held, and the number of holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held:**

    None

**(8)    A list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity and the court in which any proceeding relating thereto is pending:**

    None

**(9)    A list of the premises owned, leased, or held under other arrangement from which the debtor operates its business:**

    49 Seaview Avenue, New Rochelle, NY 10801.

    330 West 56th Street, Suite, 3G, New York, NY 10019

**(10)    The location of the debtor's substantial assets, the location of its books and records, and the nature, location, and value of any assets held by the debtor outside the territorial limits of the United States:**

    Assets are Located at:

        49 Seaview Avenue, New Rochelle, NY 10801.

    Books and records are located at:

        330 West 56th Street, Suite, 3G, New York, NY 10019

    No assets are outside of the United States.

**(11)    The nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent:**

    Citimortgage v. S.L.G. Seaview Family Limited Partnership,

    Judgment of foreclosure entered

**(12)    The names of the individuals who comprise the debtor's existing senior management, their tenure with the debtor, and a brief summary of their relevant responsibilities and experience.**

    Lauren Berger.   Since inception

**(b) *Additional Information if Business Is to Continue*.  If the debtor intends to continue to operate its business, the affidavit shall so state and set forth:**

**(1) The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, and partners) for the 30 day period following the filing of the chapter 11 petition:**

    None

**(2) The amount paid and proposed to be paid for services for the 30 day period following the filing of the chapter 11 petition --**

**(A) If the debtor is a corporation, officers, stockholders, and directors:**

    Not Applicable

**(B) If the debtor is an individual or a partnership, to the individual or the members of the partnership:**

    None

**( C )  If a financial or business consultant has been retained by the debtor, to the consultant:**

    Not Applicable

**(3) A schedule, for the 30 day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.**

| | |
|---|---|
| estimated cash receipts: | $ 7,000 |
| estimated cash disbursements: | $ 8.500 |
| net cash gain or (loss): | $ (1,500) |
| obligations expected to accrue but remain unpaid: | $ undetermined |

I declare the foregoing statements of fact to be true and correct under penalty of perjury, pursuant to 28 U.S.C. § 1746.

Dated: New York, New York
       December 17, 2015

                                              /s/  Lauren Irman Yeterian Berger
                                                   Lauren Berger