| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **Hearing: February 24, 2015 (2:00 p.m.)** |

---------------------------------------------------------x
:
In re                                                    :   Case No. 15-13308 (SCC)
                                                         :
**S.L.B. SEAVIEW FAMILY,**                               :   Chapter 11
**LIMITED PARTNERSHIP,**                                 :
                                                         :
                 Debtor.                      :
                                                         :
---------------------------------------------------------x

### STATEMENT OF THE UNITED STATES TRUSTEE
### REGARDING MOTION TO DISMISS BY CITIMORTGAGE, INC.

**TO:   THE HONORABLE SHELLEY C. CHAPMAN,**
      **UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, as United States Trustee for Region 2, respectfully files this Statement with respect to the Motion of CitiMortgage, Inc. to Dismiss the Case or in the Alternative Relief for an Order Modifying the Automatic Stay, and for *In Rem* Relief as to the Real Property Located at 49 Seaview Avenue, New Rochelle, NY 10801 ("Motion to Dismiss") (Dkt. No. 16).

### I.   STATEMENT

The purpose of this Statement is to apprise the Court of salient developments in this Chapter 11 case that may help inform the Court with respect to the Motion to Dismiss filed by CitiMortgage, Inc. ("CitiMortgage"). In short, because S.L.B. Seaview Family Limited Partnership ("Debtor") has not complied with several very basic fiduciary requirements, the United States Trustee supports the dismissal of this case.

The Debtor commenced this case voluntarily by filing for Chapter 11 relief as a single-asset entity on December 17, 2015. Dkt. 1, Voluntary Petition, Item 7. The real estate at

issue is the residential rental property located at 49 Seaview Avenue, New Rochelle, NY 10801 ("Property").  Declaration, Dkt. 2, ¶ 2, at 1.  *See also* www.laurenbergercollection.com.  The following events have transpired in- and outside the Courtroom:

First, the Office of the United States Trustee has not been able to schedule an Initial Debtor Interview, due to the unavailability of the Debtor's President, Lauren Berger ("Principal").

Second, in connection with the Interview, the Office has delivered its standard document request to the Debtor, but has not received any responsive documents.[1]

Third, even though the Debtor's counsel appeared, the Debtor's Principal failed to appear at the meeting of creditors held on February 1, 2016.  CitiMortgage attended the meeting.

Fourth, the Debtor has failed to file an operating report for December, 2015.

Fifth, the Debtor has failed to pay statutory fees to the United States Trustee for the fourth quarter of 2015.

Sixth, at the Initial Status Conference held on January 28, 2016, the Debtor's counsel advised of his intention to seek withdrawal from his representation of the Debtor, due to a lack of cooperation.  The Debtor has not filed an application for Court approval of its retention of current or substitute counsel.

The foregoing events constitute cause to dismiss this Chapter 11 case, as follows:

(1)    11 U.S.C. § 1112(b)(4)(H) – failure to provide information or attend meetings reasonably requested by the United States Trustee.

---

[1] One of the standard documents sought by the United States Trustee in single-asset cases as this is proof of adequate property insurance.  Even though the Debtor has not provided any information, CitiMortgage has informally advised the Office of the United States Trustee that it has procured a force-placed insurance policy on the Property.

2

(2)     11 U.S.C. § 1112(b)(4)(G) – failure to attend the meeting of creditors convened under section 341(a).

(3)     11 U.S.C. § 1112(b)(4)(F) – failure to satisfy timely the monthly operating report requirement.

(4)     11 U.S.C. § 1112(b)(4)(K) – failure to pay fees required by 28 U.S.C. § 1930(a)(6).

(5)     And, to the extent that the Court finds that the Debtor is unrepresented as of the hearing on the Motion to Dismiss, dismissal of the case is further appropriate.  Rowland v. California Men's Colony, 113 S. Ct. 716, 721 (1993) (a corporation, or other artificial entity, may appear in the federal courts only through licensed counsel); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (a corporation involved in a legal proceeding must be represented by counsel).   The *pro se* filing of a chapter 11 petition by a corporation is impermissible.  In re BSL Operating Corp., 57 B.R. 945, 947 (Bankr. S.D.N.Y. 1986).

## II. CONCLUSION

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully agrees that this Chapter 11 case may be dismissed, and seeks such other relief as is just and necessary.

| | |
|---|---|
| Dated: New York, New York<br>February 3, 2016 | WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE |
| | By:   /s/ *Andrew D. Velez-Rivera*<br>Trial Attorney<br>Office of the United States Trustee<br>U.S. Federal Office Bldg., Room 1006<br>New York, New York 10014<br>Tel (212) 510-0500; Fax (212) 668-2255 |